J-S11037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE LYNN HICE, | : | |
| | : | |
| Appellant | : | No. 1345 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 7, 2019
in the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000273-2013

BEFORE: NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 06, 2020**

Jamie Lynn Hice ("Hice") appeals from the judgment of sentence imposed following the revocation of her probation. Additionally, Hice's counsel, Mark A. Wallisch, Esquire ("Attorney Wallisch"), has filed a Petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967). We grant Attorney Wallisch's Petition to withdraw, and affirm Hice's judgment of sentence.

On August 21, 2013, Hice entered a negotiated guilty plea to criminal conspiracy to commit theft by unlawful taking.[1] The trial court sentenced Hice to thirty to sixty months in prison, followed by five years of probation.

---

[1] 18 Pa.C.S.A. § 903.

Hice was granted 100 days of credit for time served. Hice did not file any post-sentence motions or a direct appeal.

On November 30, 2016, Hice was released from prison and placed on parole.[2] On December 20, 2018, Hice was released from parole, and began her probation sentence. On February 7, 2019, a bench warrant was issued for Hice's arrest, based on allegations that Hice had violated her probation by committing additional crimes. Additionally, Hice was charged with violating the technical terms of her probation by failing to regularly report to her supervising agent, and by failing to update her address after being evicted from her approved residence. On July 3, 2019, Hice waived her right to a *Gagnon I*[3] hearing, and the trial court ordered a pre-sentence investigation report ("PSI").

On August 7, 2019, the trial court conducted a *Gagnon II* hearing, and found Hice to be in violation of her probation.[4] The trial court revoked Hice's probation and resentenced her to five to ten years in prison. Hice

---

[2] The record indicates that Hice was previously paroled on March 29, 2015, but does not indicate when, and under what circumstances, she was re-incarcerated.

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[4] The record is unclear as to whether Hice's probation was revoked based on the technical violations, the new criminal charges, or both. The trial court entered an Order stating that Hice had "admit[ted] to the violations charged." *See Gagnon* Order, 7/3/19. However, the Order does not specify whether Hice admitted solely to committing the technical violations, or also the new criminal offenses.

filed a post-sentence Motion for reconsideration of sentence, which the trial court denied without a hearing.

Hice filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Attorney Wallisch filed, with this Court, an **Anders** brief and a Petition to withdraw as counsel.[5] Hice neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Hice's issue on appeal, we must determine whether Attorney Wallisch has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's

---

[5] Attorney Wallisch did not initially file a petition to withdraw. Accordingly, we directed Attorney Wallisch to either file an advocate's brief or fulfill all of the requirements of **Anders**. In response, Attorney Wallisch filed a Petition to withdraw as counsel.

attention. The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the **Anders** Brief and the Petition to withdraw reveals that Attorney Wallisch has substantially complied with each of the requirements of **Anders**/**Santiago**. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**). Attorney Wallisch indicates that he has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Wallisch's **Anders** Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, Attorney Wallisch provided Hice with a copy of the **Anders** Brief and advised her of her rights to retain new counsel or to raise any additional points deemed worthy of the Court's

attention. Thus, Attorney Wallisch has substantially complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Hice's appeal is, in fact, wholly frivolous.

Attorney Wallisch presents the following issue for our review:

Whether the [t]rial [c]ourt committed an abuse of discretion when it revoked [Hice's] probation[] and re-sentenced her to serve a minimum of five (5) years to a maximum of ten (10) years in a state correctional institution given the circumstances of the case[?]

*Anders* Brief at 4.

This issue challenges the discretionary aspects of Hice's sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

[w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Hice, via Attorney Wallisch, filed a timely Notice of Appeal, preserved her challenge in a post-sentence Motion, and included a Rule 2119(f) Statement within the *Anders* brief. Additionally, Attorney Wallisch alleges

that the trial court violated the fundamental norms underlying the sentencing process by imposing a jail sentence based solely on a technical violation. **See Anders** Brief at 7. Attorney Wallisch states that Hice's new charges had not been resolved before she was sentenced on the probation violation. **Id.** Although the record is unclear as to whether Hice admitted to committing the new offenses charged, **see Gagnon** Order, 7/3/19, **supra**, Attorney Wallisch's Statement raises a substantial question, as Hice claims that the trial court violated the fundamental norms underlying the sentencing process. **See Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010) (stating that "[t]he imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process.").[6] Accordingly, we will address Hice's discretionary sentencing claim.

Hice alleges that the trial court did not state its reasons for the sentence on the record, explain how the sentence was necessary to vindicate the authority of the court, or conclude that it was likely that Hice would commit another crime if she was not sentenced to a prison term. **Anders** Brief at 10.

---

[6] We note that even if Hice had admitted to committing additional criminal offenses, and Hice's claim did not raise a substantial question, we would nevertheless consider Hice's discretionary sentencing claim as a part of our independent review.

Our standard of review is well settled:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014).

The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (some citations and quotation marks omitted).

Upon revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that [s]he will commit another crime if [s]he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c).

Moreover, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* § 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that "[t]he judge shall state on the record the reasons for the sentence imposed."). However, following revocation of probation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. *See Pasture*, 107 A.3d at 28 (stating that "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing.").

Here, at sentencing, the trial court stated that it had reviewed the PSI, and had considered Hice's age, background, criminal record, and "everything necessary for sentencing." N.T., 8/7/19, at 7; *see also Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Additionally, the trial court indicated in its Opinion that it believed Hice was likely to commit another crime if she was not imprisoned. *See* Trial Court Opinion, 10/4/19, at 2; 42 Pa.C.S.A. § 9771(c). Our review of the record confirms that the trial court had sufficient information to make a fully informed sentencing decision following the revocation of Hice's probation. Accordingly, we conclude that the trial court's sentence was not unduly excessive, and Hice's discretionary sentencing challenge is wholly frivolous. *See Colon*, *supra*.

Finally, our independent review of the record discloses no additional non-frivolous issues that could be raised on appeal. We therefore grant Attorney Wallisch's Petition, and affirm Hice's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/6/2020